UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUDITH SAMUELS, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WE'VE ONLY JUST BEGUN WEDDING CHAPEL, INC. d/b/a Little White Chapel; CHAROLETTE RICHARDS, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:13-cv-00923-APG-PAL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>(Dkt. No. 16) |

Defendants We've Only Just Begun Wedding Chapel, Inc. ("WOJB") and Charolette Richards moved to dismiss [Dkt. No. 16] Plaintiff Judith Samuel's First, Second, Third, Fourth, Fifth, Sixth, and Tenth Causes of Action. Defendants have not moved to dismiss Plaintiff's Seventh, Eighth, and Ninth Causes of Action. For the reasons set forth below, the court grants Defendants' motion in part and denies it in part.

I. **BACKGROUND**

WOJB employed Samuels as a bookkeeper for approximately four months between December 2010 and April 2011. Richards owns WJOB and is, as Samuels describes, an evangelical Christian. Samuels is self-described as Jewish, and observes Jewish holidays.

According to the First Amended Complaint ("FAC"), Richards was aware that Samuels was Jewish. Nevertheless, Richards apparently required Samuels to participate in Christian prayer, sang Christian songs like "Jesus Saves" to Samuels at work and over the telephone, and

made statements such as, "You know the Jews killed our Savior." Samuels also alleges several examples of disparate treatment from her two Christian predecessors: Richards paid Samuels at a lower rate, did not allow Samuels to print checks without Richards present, and would not allow Samuels to have an office key.

In April 2011, Samuels requested April 18 and 19 off for the Jewish Passover holiday. Richards approved this request. On the evening of April 18, Richards terminated Samuels by a text message, which read: "Judy I did not want to call you as I know this is a special time for you. However if I allow you take off for a special holiday I would have to allow everyone that works here to take off for special holidays. ... I will have your check ready Wednesday." [Dkt. #10 at p. 4–5.] The next day, Richards terminated another Jewish employee whom she had asked to work in place of Samuels during Passover.

As a result of the above conduct, Samuels alleges "severe economic damage and emotional distress." [*Id.* at 5.]

Richards did not allow Samuels to pick up her final paycheck over the next two days, instead mailing it to her. The final paycheck contained deductions for 30-minute lunch breaks that Samuels alleges she never took. Richards only made 30-minute deductions on shifts in which Samuels did not clock out for lunch—if she clocked out for lunch, no deduction was made, even if the clocked-out period was less than 30 minutes.

Samuels filed her original complaint in Nevada State Court, alleging only state-law claims. Defendants removed to this court on the bases of diversity and federal question jurisdiction. Samuels denied that diversity exists between the parties, but amended her complaint to allege federal claims. Samuels's amended complaint asserts claims on behalf of herself and all others similarly situated for: (1) Failure to Pay Wages for Hours Worked under the FLSA; (2) Failure to Pay Wages for All Hours Worked under Nevada Law; (3) Waiting Time Wages under Nevada Law; (4) Breach of Contract; (5) Breach of Implied Contract; and (6) Unjust Enrichment. On behalf of herself only, Samuels asserts claims for: (7) Religious Discrimination under Title

VII and Nevada Law; (8) Harassment/Hostile Work Environment; (9) Failure to Accommodate pursuant to Title VII and Nevada Law; and (10) Intentional Infliction of Emotional Distress.

With respect to her FLSA and Nevada wage and hour claims, Plaintiff requests that this Court conditionally certify this action as a class action, and appoint her as representative of the Class.

## II. ANALYSIS

### A. Legal Standard—Motion to Dismiss

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

District courts must apply a two-step approach when considering motions to dismiss. *Id.* at 679. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013). Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679

(internal quotation marks and citation omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### B.  Wage Claims (First through Sixth Causes of Action)
#### a.  Statute of Limitations

Defendants argue for a two-year statute of limitations, which would bar Plaintiff's claim. While a two-year statute of limitations generally applies to such claims, when a violation is "willful," the statute of limitations extends to three years. 29 U.S.C. § 255(a). To show willfulness, a plaintiff must demonstrate that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). In alleging that Defendants intentionally deducted 30-minute lunch breaks when none was taken, Plaintiff has sufficiently pleaded that Defendants' actions were willful. Thus, for purposes of this motion, this Court applies the three-year statute of limitations.

#### b.  FLSA Claims (First Cause of Action)

In an attempt to bestow upon this Court federal question jurisdiction, the FAC characterizes Plaintiff's claim related to the 30-minute lunch period deductions as an FLSA claim. Plaintiff claims that the 30-minute deductions constitute either uncompensated overtime or uncompensated hours in violation of the minimum wage provision. [Dkt. No. 10 ¶ 37.] However, as Defendants point out, Plaintiff's allegations fail to state a plausible FLSA claim.

First, Plaintiff claims that Defendants failed to pay minimum wage by failing to compensate her for 30 minutes each shift. The FLSA's minimum wage provision entitles employees to a wage "not less than $7.25 an hour." 29 U.S.C. § 206(a). To claim improper compensation under this provision, plaintiffs must allege that the wages received fell below this statutory minimum. However, the workweek as a whole, not each individual hour within the

work week, determines an employee's "wages" for purposes of determining FLSA violations. *See* 29 C.F.R. § 776.4(a). Thus, an employer's failure to compensate an employee for any particular hours worked does not necessarily violate the minimum wage provision of the FLSA. *See Dove v. Coupe*, 759 F.2d 167, 171 (D.C. Cir. 1985). If the total wage paid to an employee in any given workweek divided by the total hours worked that week equals or exceeds the applicable minimum wage, there is no FLSA violation. *See Adair v. City of Kirkland*, 185 F.3d 1055, 1062 n.6 (9th Cir. 1999) ("even though it is uncompensated, the employees are still being paid a minimum wage when their salaries are averaged across their actual time worked"). To state a plausible minimum wage claim under this rule, therefore, a complaint must allege that the plaintiff's weekly wages fall below the statutory minimum.

In the alternative, Plaintiff alleges that Defendants failed to pay overtime wages in violation of the FLSA. The FLSA's overtime compensation provision entitles covered employees to time-and-a-half wages for hours worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1). To bolster her FLSA claims, Plaintiff cites to *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 531 (9th Cir. 2013), which states that "an employee cannot be docked for lunch breaks during which he is required to continue with any duties related to his work." Plaintiff also cites to 29 C.F.R. § 785.19, which provides that an employee must be "completely relieved from duty for the purposes of eating regular meals." However, these statements are cited out of context. 29 C.F.R. § 785.19 merely provides a definition for meal periods that are exempt from hours worked for the purposes of minimum wage and overtime calculations. Specifically, meal periods which are actually working hours must be included in wage and overtime calculations. 29 C.F.R. §§ 785.19, 778.320(a).

The FAC baldly asserts that "Defendants failed to pay minimum wages and/or overtime wages in violation of the FLSA" "[b]y automatically deducting 30 minutes of time from … work shifts." [Dkt. #10, p. 10, ¶ 36.] However, this fails to state a plausible minimum wage claim. Plaintiff does not allege that adding the 30-minute lunch periods to her hours worked would result in an hourly wage, averaged across the week, below the statutory minimum prescribed by the

FLSA.[1]  Additionally, the FAC fails to state a plausible overtime claim.  Plaintiff does not allege that adding the 30-minute lunch periods would cause her overall weekly hours to exceed 40.  Even if she had, she does not allege that she was not compensated the statutorily-prescribed increased wages for hours she worked in excess of 40.  Although unwarranted deductions for phantom meal times would be unscrupulous to say the least, the FLSA does not provide the remedy.  Accordingly, Defendants' Motion to Dismiss is GRANTED as to Count One.

### c. Nevada State Law Claims for Meal Period Deductions (Second through Sixth Causes of Action)

Plaintiff brings several claims based on state law regarding the meal period deductions.  The parties disagree whether NRS 608.005 through 608.195 provide Plaintiff with a private cause of action, or rather are the sole charge of the Nevada Labor Commissioner.  On the same facts, Plaintiff also asserts claims for common law contract, implied-contract, and unjust enrichment.  Because the Court has dismissed the FLSA claim, the Court has no federal question jurisdiction over Plaintiff's remaining state law claims arising from the meal period deductions.

To invoke supplemental jurisdiction where there is no basis for original jurisdiction, a claim must fall within the grant of jurisdiction under 28 U.S.C.A. § 1367(a), which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  "The state and federal claims must derive from a common nucleus of operative fact."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  Even where supplemental jurisdiction exists, the Court may decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in

---

[1] Plaintiff, a part-time employee, apparently cannot allege that adding these 30-minute periods to her hours worked for the week would result in FLSA violations.  Plaintiff alleges that she was paid $18.00 per hour.  According to Defendant, including the uncompensated time into Plaintiff's work week would result in a weekly average of $16.00 per hour.

exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Because the Court has dismissed the FLSA claim, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims arising from the meal period deductions.[2] These wage and hour claims do not derive from a common nucleus of operative fact with Plaintiff's remaining federal claims (which arise from instances of religious or racial discrimination). Additionally, whether Nevada statutes authorize a private cause of action raises a complex issue of state law that should be resolved in the Nevada state court. Accordingly, the Court severs Plaintiff's Causes of Action Two through Six and remands them to the appropriate state court. Defendants' Motion to Dismiss is DENIED AS MOOT as to Counts Two, Three, Four, Five, and Six.

### C.   Intentional Infliction of Emotional Distress (Tenth Cause of Action)

"Discriminatory employment practices are wrong and federal law makes such conduct unlawful and provides for relief; however, the tort of intentional infliction of emotional distress is not intended to reach every discrimination claim." *Alam v. Reno Hilton Corp.*, 819 F.Supp. 905, 911 (D. Nev. 1993). "The elements of a cause of action for intentional infliction of emotional distress are: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Shoen v. Amerco, Inc.*, 896 P.2d 469, 476 (Nev. 1995) (internal quotation marks and citation omitted). Extreme and outrageous conduct is conduct "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent–A–Car*, 953 P.2d 24, 26 (Nev. 1998) (internal quotation marks and citation omitted).

Defendants argue that, while unprofessional, the alleged conduct is not extreme and outrageous so as to support an Intentional Infliction of Emotional Distress ("IIED") claim.

---

[2] Even if the Court could exercise jurisdiction over these state law claims, it declines to exercise its discretion to do so. 28 U.S.C. § 1367(c).

Defendant further argues that Plaintiff's damages are insufficient to sustain such a claim. Reading the facts in a light most favorable to the Plaintiff and drawing all reasonable inferences in her favor, Plaintiff has sufficiently pleaded a claim for IIED so as to survive the instant Motion to Dismiss. The Court declines at this stage of the litigation to determine the outrageousness of Defendants' conduct or to assess the severity of Plaintiff's distress. Accordingly, Defendants' Motion to Dismiss is DENIED as to Count Ten.

### III. CONCLUSION

Accordingly, it is hereby ordered that Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART as follows:

1. Defendant's Motion to Dismiss is GRANTED as to Count One. Plaintiff's Count One is dismissed with prejudice.
2. Defendant's Motion to Dismiss is DENIED AS MOOT as to Counts Two, Three, Four, Five, and Six. Plaintiff's Counts Two, Three, Four, Five, and Six are SEVERED and REMANDED to state court.
3. Defendant's Motion to Dismiss is DENIED as to Count Ten.

DATED THIS 31st day of March, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE